UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WILMINGTON SAVINGS FUND SOCIETY, FSB,
NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY
AS OWNER TRUSTEE OF THE ASPEN HOLDINGS
TRUST, A DELAWARE STATUTORY TRUST,

                                               Plaintiffs,

-against-

CARLOS E. CASTILLO,

                                               Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
22-cv-07760 (JMA) (LGD)

FILED
CLERK
August 26, 2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Plaintiff brought this action seeking to foreclose a residential mortgage in default since October 2016 encumbering the real property located at 191 East 10th Street, Huntington Station, NY 11746 and known as District 0400 Section 149.00 Block 01.00 and Lot 066.000 on the Suffolk County Tax Map (the "Property"). (See ECF No. 1.) After Plaintiff filed its complaint on December 20, 2022, Defendant Carlos E. Castillo ("Defendant") filed an Answer with Affirmative Defenses on February 3, 2023. (See ECF No. 10.) Before the Court is Plaintiff's Motion for Summary Judgment and for an Order striking Defendant's answer. (See ECF No. 28.) For the following reasons, Plaintiff's Motion for Summary Judgment is granted, and Plaintiff's motion to strike Defendant's answer and affirmative defenses is denied as moot.

## I.    BACKGROUND[1]

On April 25, 2006, Defendant executed a note (the "Note") in the principal amount of $145,900.00 plus interest in favor of Somerset Investors Corp. (Pl.'s 56.1 ¶1-2; Affirmation of

---

[1] The facts set forth in this Opinion are drawn from Plaintiff's Complaint (ECF No. 1.), Plaintiff's statement pursuant to Local Civil Rule 56.1, (Pl.'s Rule 56.1 Statement ("Pl.'s 56.1") (ECF No. 28-2), and Defendant's Affidavit in Opposition to Plaintiff's Motion for Summary Judgment ("Def. Opp.") (ECF No. 27.)

Charles John Briseno ("Briseno Aff.") at ¶6 and Exhibit A.)  To secure this indebtedness, Defendant executed a mortgage bearing the same date in favor of MERS as nominee for Somerset Investors Corp. and recorded in Liber 21309 Page 291 in the Suffolk County Clerk's Office (the "Mortgage").  (Compl. ¶ 8; Briseno Aff. at ¶7 and Exhibit B.)  This lien encumbers the premises known as 191 East 10th Street, Huntington Station, NY 11746.  (See id.)

Defendant breached his obligations under the Note (and thereby caused a default under the Mortgage) by failing to pay the October 1, 2016[1] payment (the "Event of Default" or the "Default") and all subsequent payments.  (See Briseno Aff. ¶ 11.)  As a result, on or about May 23, 2022, a notice of default (the "Demand Letter") was sent to Defendant by both certified and first-class mail pursuant to the terms of the Mortgage.  (See Briseno Aff. at ¶12; Weinreb Decl. at Exhibit C; Complaint ¶15 and Exhibit F.)  Pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §1304, on or about May 23, 2022, a 90-day notice (the "90 Day Notice"), as described in RPAPL §1304, was mailed to Defendant by both certified and first-class mail.  (See Briseno Aff. at ¶13; Weinreb Decl. at Exhibit C; Complaint ¶15 and Exhibit F.)  Pursuant to RPAPL §1306, proof of compliance with RPAPL §1304 was filed with the New York State Department of Financial Services.  (See Briseno Aff. at ¶14; Weinreb Decl. at Exhibit C; Complaint at ¶15 and Exhibit F.)

Defendant having failed to cure the Default, on December 20, 2022, Plaintiff commenced the instant foreclosure action by filing the Complaint in the United States District Court for the Eastern District of New York.  (See Weinreb Decl. at Exhibit A.)  In his Affidavit in Opposition to Plaintiff's motion, Defendant does not dispute that he executed the Note and Mortgage and that he was in default thereunder.  (See Def. Opp.)  Instead, Defendant asserts that he was "waiting for the new bank" to send him statements but "never hear[d] for [sic] them for years."  (Id. ¶ 9.)

Defendant's opposition has abandoned the fourteen affirmative defenses that were initially raised in his answer to Plaintiff's Complaint. (See ECF No. 10.)

## II.  DISCUSSION

### A.  Legal Standard for Motion for Summary Judgment

Summary judgment is appropriate where the submissions of the parties, taken together, "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986) (summary judgment inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

The initial burden of "establishing the absence of any genuine issue of material fact" rests with the moving party. Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010). Once this burden is met, however, the burden shifts to the non-moving party to put forward some evidence establishing the existence of a question of fact that must be resolved at trial. Spinelli v. City of N.Y., 579 F.3d 160, 166–67 (2d Cir. 2009); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). A mere "scintilla of evidence" in support of the non-moving party is insufficient; "there must be evidence on which the jury could reasonably find for the" non-movant. Hayut v. State Univ. of N.Y., 352 F.3d 733, 743 (2d Cir. 2003). In other words, "[t]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002).

In determining whether a genuine issue of fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d 290, 309 (2d Cir. 2008). The Court also construes any disputed facts in

3

the light most favorable to the non-moving party.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157–59 (1970).  However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."  Anderson, 477 U.S. at 247–48.

B.   **Plaintiff Established Its Prima Facie Case to Foreclose**

"Under New York state law, three elements must be established in order to sustain a foreclosure claim: (1) the proof of the existence of an obligation secured by a mortgage; (2) a default on that obligation by the debtor; and (3) notice to the debtor of that default."  United States v. Paugh, 332 F.Supp.2d 679, 680 (S.D.N.Y. 2004); see also Builders Bank v. Charm Devs. II, LLC, Nos. 09-CV-3935, 09-CV-4410, 2010 WL 3463142, at *2 (E.D.N.Y. Aug. 30, 2010) ("[S]ummary judgment in a mortgage foreclosure action is appropriate where the Note and Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note." (quotation omitted)).  The Court concludes that Plaintiff has established all three elements necessary for its prima facie case.

Here, the documents attached to Plaintiff's Complaint, the validity of which the Defendant fails to contest, establish both the existence of an obligation and a default thereunder.  (See ECF No. 1, Exhibits B-D and F.)  Since Defendant adduces no basis for questioning the veracity of this document or the other applicable evidence presented by Plaintiff (see Briseno Aff., Weinreb Decl. at Exhibit C; Complaint ¶15, Exhibit F), the Court concludes that Plaintiff was, in fact, the owner and holder of the note and mortgage when the complaint was filed in this case.  Moreover, the Briseno Affidavit attests to Defendant's default under the terms of the Note and Mortgage.  (See Briseno Aff. at ¶11.)  Defendant does not assert or put forth any evidence to suggest that this default did not occur.

4

The Court additionally concludes that the third element of Plaintiff's mortgage foreclosure claim—notice to the debtor of the default—has been satisfied. On or about May 23, 2022, a notice of default (the "Demand Letter") was sent to Defendant by both certified and first-class mail pursuant to the terms of the Mortgage. (See Briseno Aff. at ¶12; Weinreb Decl. at Exhibit C; Complaint ¶15, Exhibit F.) Pursuant to RPAPL §1304, on or about May 23, 2022, the "90 Day Notice," as described in RPAPL §1304, was mailed to Defendant by both certified and first-class mail. (See Briseno Aff. at ¶13; Weinreb Decl. at Exhibit C; Complaint ¶15 and Complaint at Exhibit F.) Pursuant to RPAPL §1306, proof of compliance with RPAPL §1304 was filed with the New York State Department of Financial Services. (See Briseno Aff. ¶14; Weinreb Decl. at Exhibit C; Complaint ¶15, Exhibit F.) Although Defendant asserts that he "never hear[d]" from Plaintiff regarding the notice of default, (see Def. Opp. ¶ 9), he fails to adduce any basis for questioning the veracity of the documents submitted by Plaintiff reflecting that notice was given in two different forms. Because Defendant "does not provide evidentiary support" to cast doubt on whether the notices of default were sent, and there is no evidence in the record suggesting that notice of default was not provided, Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 411 (E.D.N.Y. 2018), the Court holds that Plaintiff has satisfied the third and final element of its prima facie case. See R.G. Grp., Inc. v. Horn & Hardart Co., 751 F.2d 69, 77 (2d Cir. 1984) ("While doubts must be resolved in favor of the party opposing the [summary judgment] motion, the opposing party must provide concrete particulars showing that a trial is needed, and it is not sufficient merely to assert a conclusion without supplying supporting arguments or facts in opposition to that motion." (quotations and brackets omitted)).

**C.     Defendant's Affirmative Defenses**

"Once a mortgagee's prima facie case is established, the mortgagor must make an affirmative showing that a defense to the action exists." Builders Bank, 2010 WL 3463142, at *2.

5

Defendant's answer raises fourteen single-sentence affirmative defenses that are unsupported by evidentiary substantiation and have since been abandoned in Defendant's Opposition to Plaintiff's Motion for Summary Judgment.  (See ECF No. 10; Def. Opp.)  Since Defendant has not responded to any of Plaintiff's arguments regarding these affirmative defenses, Defendant's affirmative defenses may be deemed to be abandoned.  See Opoku v. Town of Southampton, No. 13-CV-0940, 2016 U.S. Dist. LEXIS 143636, at *19 (E.D.N.Y. Oct. 17, 2016) (noting that claims may be deemed abandoned where party failed to respond to arguments seeking their dismissal).  However, even assuming the affirmative defenses had not been abandoned, Defendant's Answer does not assert any genuine issues of material fact necessary to defeat Plaintiff's prima facie case to foreclose.  The Court addresses Defendant's Affirmative Defenses in turn.

    **1.    Defendant's First Affirmative Defense – Laches, Estoppel and Unclean Hands**

Defendant's first affirmative defense alleges that Plaintiff's complaint is barred by the doctrines of laches, estoppel and unclean hands.  (ECF No. 10 at 3.)  Where a foreclosure action is commenced within the limitations period, the doctrine of laches is no defense.  See First Fed. Sav. & Loan Assn. of Rochester v Capalongo, 74 N.Y.2d 945 (3d Dept. 1989).  Even if the defense was available, the pleading is insufficient when the defendant fails to allege that it changed its position or failed to take some action to its detriment as a result of the alleged delay.  See Schmidt's Wholesale, Inc. v Miller & Lehman Constr., Inc., 569 N.Y.S.2d 836 (3d Dept 1991).  Here, Defendant provides no documentary evidence or factual basis in support of the aforementioned allegations.  Furthermore, laches is inapplicable because the action is timely.

A defendant in a foreclosure action fails to establish that the principle of equitable estoppel applies when the defendant fails to establish that it materially altered its position in reliance on the promise of another and was damaged.  See Rose v. Spa Realty Assoc., 42 N.Y.2d 338, 344 (1977); see also Bank of Smithtown v. 264 W. 124 LLC, 963 N.Y.S.2d 176 (1st Dept. 2013).  Here, the

6

Defendant proffered no evidence to show the defendant materially altered its position in reliance on anything alleged to have been done by Plaintiff. Therefore, the equitable estoppel defense fails.

Defendant's allegations that Plaintiff has exhibited unclean hands also fail as a matter of law. See United States v. Bedford Assocs., 491 F.Supp. 851, 868 (S.D.N.Y. 1980) (under New York law, doctrine of unclean hands was not available as a defense in a foreclosure action), aff'd in part, rev'd in part on other grounds, 657 F.2d 1300 (2d Cir. 1981). A party asserting unclean hands must prove that "(1) the offending party is guilty of immoral, unconscionable conduct; (2) the conduct was relied upon by the asserting party and (3) the asserting party was injured as a result." In re Cohen, 422 B.R. 350, 381 (E.D.N.Y. 2010) (citing Kopsidas v. Krokos, 742 N.Y.S.2d 342, 344 (N.Y. App. Div. 2002)). In this case, Defendant has not alleged with any factual support that Plaintiff has exhibited unclean hands or that Plaintiff acted in bad faith causing Defendants to be injured. Accordingly, the doctrine of unclean hands does not apply.

**2.      Defendant's Second Affirmative Defense – Failure to Mitigate Damages**

Defendant's Second Affirmative Defense alleges that Plaintiff failed to mitigate damages. (ECF No. 10 at 3.) However, Defendant fails to recite any alleged acts or omissions by Plaintiff to support his claim. This affirmative defense also fails because failure to mitigate damages is not an affirmative defense to a foreclosure action. Instead, a dispute about the exact amount owed by a mortgagor to a mortgagee does not preclude summary judgment directing a foreclosure sale. See CIT Bank, N.A. v. Nwanganga, 328 F. Supp. 3d 189 (S.D.N.Y. 2018); see also Gustavia Home, LLC v. Hoyer, 362 F. Supp. 3d 71 (E.D.N.Y. 2019). Accordingly, Defendant's second affirmative defense fails. Similarly, Defendant's Third, Fourth and Ninth Affirmative Defenses allege that Defendant paid "all or part of the debt", "Plaintiff did not correctly state the amount owed" and that an accounting be conducted, respectively. (ECF No. 10 at 3.) However, Defendant fails to support these defenses with any evidentiary support, and these defenses do not create a genuine

7

issue of material fact regarding whether Defendant executed the Mortgage and Note and that he defaulted on the terms therein. Plaintiff concedes that these amounts owed to Plaintiff are subject to verification and a final accounting by the Court and/or a court-appointed referee. As such, these affirmative defenses do not raise material issues of fact.

### 3. Defendant's Seventh Affirmative Defense – Improper Service

Defendant's Seventh Affirmative Defense asserts that Plaintiff's claims are barred "because of improper service." (ECF No. 10 at 3.) Fed. R. Civ. P. 4(e)(1) permits service of process pursuant to the laws of the state in which the district court is located. As such, Defendant was served in accordance with Section 308(2) of the New York Civil Practice Law and Rules ("CPLR"). CPLR 308(2) requires a two-step process to effect service upon an individual. First, the summons must be delivered to "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served". Second, an additional summons must be either mailed to the person to be served "at his or her last known residence" or mailed to the person's "actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served." See CPLR §308(2). Here, pursuant to the sworn affidavit of process server Gerard Scully, both of those steps were complied with. (See Weinreb Decl. at Exhibit D.)

"In New York, a process server's affidavit of service establishes a prima facie case of the account of the method of service." Old Republicans Ins. Co. v. Pac. Fin. Servs. Of Am., Inc., 301 F.3d 54 (2d Cir. 2002); see also NYCTL 1997-1 Trust v. Nillas, 732 N.Y.S.2d 872 (2d Dep't 2001) ("The affidavit of the process server constituted prima facie evidence of proper service"). "A defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." Old

8

Republicans Ins. Co. An evidentiary hearing is not required where the defendant does not swear to "specific facts to rebut the statements in the process server's affidavits." US Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522, 2012 WL 728227, at *3 (E.D.N.Y. Mar. 6, 2012). In this case, Defendant's affirmative defense solely states "Plaintiff's claims are barred in whole or in part because of improper service." (ECF No. 10 at 3.) Defendant's unsworn defense is insufficient to rebut the sworn affidavit of the process server so as to require an evidentiary hearing. Simonds v. Grobman, 716 N.Y.S.2d 692 (2d Dep't 2000); Walkes v. Benoit, 684 N.Y.S.2d 533 (1st Dep't 1999).

4. **Defendant's Twelfth Affirmative Defenses — Unconscionability**

Defendant's Twelfth Affirmative Defense claims that Plaintiff's claims are barred "because the terms of the contract are unconscionable." (See ECF No. 10 at 4.) This affirmative defense fails as a matter of law, as Defendant has failed to demonstrate either procedural or substantive unconscionability in connection with the origination of the mortgage or with respect to the terms of the agreement. See Emigrant Mortg. Co., Inc. v. Fitzpatrick, 945 N.Y.S.2d 697 (2nd Dept. 2012); Simar Holding Corp. v. GSC, 928 N.Y.S.2d 592 (2d Dept. 2011). Therefore, this affirmative defense fails.

5. **Defendant's Fifth, Sixth, Eighth, Tenth, Eleventh, Thirteenth and Fourteenth Affirmative Defenses**

Defendant's Fifth, Sixth, Eighth, Tenth, Eleventh, Thirteenth and Fourteenth Affirmative Defenses each contain single-sentence allegations, including allegations that Plaintiff's claims are barred because "Plaintiff breached its contract with Defendant" (Fifth Affirmative Defense), "the lender misrepresented facts to the Defendant" (Tenth Affirmative Defense), and "the contract language is vague and ambiguous" (Eleventh Affirmative Defense). (ECF No. 10 at 4.) It is well-settled that a defendant cannot defeat a motion for summary judgment with nothing more than unsupported assertions or allegations in their pleadings. See Fed. R. Civ. P. 56(e); Cifarelli v. Vill.

9

of Babylon, 93 F.2d 47, 51 (2d Cir. 1996). Likewise, a Defendant cannot rely on mere conclusory allegations, and as such, Defendant's Fifth, Sixth, Eighth, Tenth, Eleventh, Thirteenth and Fourteenth Affirmative Defenses fail to create a genuine issue of material fact for the purposes of Plaintiff's summary judgment motion.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment is granted and Plaintiff's motion to strike Defendant's answer and affirmative defenses is denied as moot. Plaintiff is directed to submit a proposed judgment of foreclosure providing for a sale of the Property consistent with this Memorandum & Order by September 29, 2025. The proposed judgment of foreclosure should provide for the appointment of a proposed referee to effectuate the sale and to disperse funds from such a sale. The Clerk of Court is respectfully directed to mail a copy of this Order to pro se Defendant at his address of record.

**SO ORDERED.**

Dated:   August 26, 2025
         Central Islip, New York

                                        /s/ (JMA)
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE